**SIGNED.**

Dated: December 6, 2017

*Paul Sala*

**Paul Sala, Bankruptcy Judge**

Mark R. Atchley  21419
ATCHLEY LAW FIRM, PLC
7255 E Hampton Ave, Ste 127
Mesa, AZ 85209
480-500-7888
mark@arizonabk.com
Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

In re:

Mehrdad Gholamzadeh

Debtor(s).

Chapter 13 Proceedings

Case No. 2:17-bk-02011 PS

**ORDER ON MOTION FOR REFERRAL TO MORTGAGE MODIFICATION MEDIATION PROGRAM**

This matter came before the Court upon the Debtor's Motion for Referral to Mortgage Modification Mediation Program ("Motion for Referral") filed on November 21, 2017.

**IT IS HEREBY ORDERED** as follows:

1. The Motion for Referral is GRANTED. The non-moving party may seek reconsideration of this Order by filing a written motion within fourteen (14) days after entry of the Order. If a timely motion for reconsideration is filed, the party seeking reconsideration must promptly schedule a hearing. In the event a motion for reconsideration is timely filed, all deadlines set forth in this Order shall be suspended pending resolution of the motion, but all other provisions shall remain in effect.

2. The Debtor and Lender are required to participate in Mortgage Modification Mediation ("MMM") Program in good faith and may be subject to possible sanctions by the Court for violation of this requirement. A copy of the Mortgage Modification Mediation Program Procedures ("MMM Procedures") and Mortgage Modification Mediation Forms ("MMM Forms") may be obtained at the United States Bankruptcy Court, District of Arizona website, www.azb.uscourts.gov.

3. The MMM Program proceedings in this case shall be completed no later than 150 days from the date of this Order, unless agreed to by the parties and the Mediator on the Mortgage Modification Mediation Portal ("MMM Portal") or extended by an order of the Court.

4. All communications and information exchanged during MMM are privileged and confidential and shall be inadmissible in any subsequent proceeding as provided by Rule 408 of the Federal Rules of Evidence, except in circumstances of a motion for failure to participate in good faith under the MMM Program and procedures.

5. Within fourteen (14) days after entry of this Order, the Lender and, if applicable, Lender's counsel shall register with the MMM Portal, unless already registered, and provide to the MMM Portal vendor any forms or documents which Lender may require to initiate a review under the MMM Program procedures. The MMM Portal vendor shall post any such forms or documents to the Lender's profile on the MMM Portal. If the Lender fails to timely register on the MMM Portal, the Debtor may file a motion with the Court seeking sanctions against the Lender for failure to register.

6. Lender's counsel or representative shall have the authority (within the investor's guidelines) to settle and will attend and continuously participate in all MMM conferences in this case.

7. Within seven (7) days after entry of this Order or Lender's registration on the MMM Portal, whichever is later, Debtor shall remit to the MMM Portal vendor the required non-refundable MMM Portal submission fee, and upload to the MMM Portal the following:

    a. Debtor's Prepared Package (prepared using the Document Preparation Software); and

    b. a copy of this Order.

8. Debtor shall, within seven (7) days after entry of this Order, identify the assigned Mediator on the MMM Portal.

9. Within fourteen (14) days after Lender provides the MMM Portal vendor with its list of required mortgage modification documents and information, Debtor shall provide Debtor's Completed Package to Lender through the MMM Portal.

10. The Lender shall, within seven (7) days after Debtor submits Debtor's Completed Package on the MMM Portal, acknowledge receipt of Debtor's Completed Package on the MMM Portal and designate its single point of contact and outside legal counsel (if any).

11. If Lender notifies Debtor on the MMM Portal that additional documents or information is required to perfect Debtor's Completed Package, Debtor shall provide such documents or information to Lender on the MMM Portal as may be reasonably requested by Lender.

12. Lender shall timely review and underwrite the loan modification request, and indicate on the MMM Portal that it has completed a review of Debtor's Completed Package.

13. Lender shall indicate its final decision on the MMM Portal.

14. If the Lender transfers the loan, the Lender or Debtor shall promptly update the MMM Portal to identify the new holder of the loan ("Successor Lender") The Successor Lender shall:

   a. Be obligated to comply with all terms of the Order;
   b. Within twenty-one (21) days of the transfer, acknowledge that it is the new holder of the loan on the MMM Portal; and
   c. Within twenty-one (21) days of the transfer, communicate to Debtor and the Mediator on the MMM Portal whether any additional documents or information are necessary to perfect Debtor's Completed Package.

15. Selection of Mediator:

   a. The eligible Mediator identified in the Motion for Referral to Mortgage Modification Mediation Program is hereby assigned as the Mediator in this case.
   b. Any objection to the assignment of this Mediator must be made on the MMM Portal. The parties shall communicate and attempt to agree on a successor Mediator within fourteen (14) days after identification of the assigned Mediator on the MMM Portal. If the parties agree on a successor Mediator, the objecting party shall file with the Court a Stipulation Assigning Successor Mediator and concurrently lodge with the Court an Order approving the Stipulation. Once the Stipulated Order is entered, Debtor shall promptly update the MMM Portal to identify the successor Mediator of the case.
   c. In the event the parties cannot agree on a successor Mediator, within fourteen (14) days after identification of the assigned Mediator on the MMM Portal the objecting party must file with the Court an Objection to Selection of Mortgage Modification Mediation Program Mediator and set the matter for hearing. After notice and a hearing the Court

shall select the Mediator. Once a Mediator is assigned, Debtor shall promptly update the MMM Portal to identify the Mediator of the case.

    d. If the objecting party fails to file with the Court and notice for hearing an Objection to Selection of Mortgage Modification Mediation Program Mediator within fourteen (14) days after identification of the assigned Mediator on the MMM Portal, the Mediator assigned under paragraph 16(a) of this Order shall remain assigned to the case.

16. The Mediator shall be:

    a. governed by and subject to the Model Standards of Conduct for Mediators as adopted by the American Arbitration Association, American Bar Association, and Association of Conflict Resolution;

    b. be compensated in the amount required pursuant to the MMM Procedures for preparation for MMM, execution of required documents, facilitation of document and information exchange between the parties, and participation in two one-hour MMM conferences; and

    c. compensated at the rate set by the U.S. Bankruptcy Court for the District of Arizona as adopted by this Court by General Order 16-2 and the MMM procedures and, for any MMM conferences beyond the initial two one-hour sessions, at such rate as may be agreed to in writing by the parties and the Mediator.

17. The Mediator's fee shall be paid equally by the parties as follows:

    a. The Debtor shall pay the non-refundable fee pursuant to the MMM Procedures directly to the Mediator within seven (7) days after receiving initial contact and payment instructions from the Mediator;

    b. The Lender shall pay the non-refundable fee pursuant to the MMM Procedures directly to the Mediator within seven (7) days after receiving initial contact and payments instructions from the Mediator; and

    c. The Mediator's fee for MMM conferences that extend beyond the initial two one-hour conferences shall be paid equally by the parties, with payment made prior to the

beginning of each successive MMM conference in accordance with the MMM Program procedures.

18. The Mediator shall, within seven (7) days after being identified as the assigned Mediator on the MMM Portal:

   a. Log into the MMM Portal and confirm the assignment as the Mediator in the case;
   b. Provide the parties with contact information and instructions on how to pay the Mediator's fee; and
   c. Use the MMM Portal to facilitate any additional exchange of information or documentation between Debtor and Lender in an effort to perfect the documents needed for Lender to complete its analysis of Debtor's mortgage modification options.

19. If the Mediator fails to timely register or log in to the MMM Portal to begin facilitating the MMM process, any party to the mediation may file a motion requesting that the Mediator be removed from this case and, if applicable, be removed from the Clerk's Registry of Mediators.

20. Mediation Conference:

   a. The Mediator shall schedule the initial MMM conference to take place within ninety (90) days after entry of this Order. The initial MMM conference may be scheduled as soon as the Mediator determines that Lender has completed its review of Debtor's Completed Package as required by Paragraph 12 of this Order.
   b. The Mediator may communicate with the parties in whichever manner the parties and Mediator agree.
   c. After consultation with the parties, the Mediator shall fix a reasonable time and place for the MMM conferences.
   d. The Mediator shall give the parties at least 7 days' notice on the MMM Portal of the date, time, and place for the MMM conferences.
   e. The Mediator shall report the scheduling of any and all MMM conferences through the MMM Portal.
   f. The initial MMM conference shall not exceed one hour unless otherwise agreed by the parties and the Mediator.

21. In the event the parties are unable to reach an agreement and require an additional MMM conference, the Mediator shall schedule a final MMM conference to be held no later than thirty days after the conclusion of the initial MMM conference. The final MMM conference shall not exceed one hour in duration unless otherwise agreed by the parties and the Mediator.

22. In the event the parties reach a trial loan modification agreement:
    a. Within seven (7) days after the parties reach such an agreement the Mediator shall upload to the MMM Portal and file with the Court an Interim Report of Mortgage Modification Mediation Program Mediator.
    b. Within seven (7) days after the Mediator files the Interim Report with the Court:
        i. Debtor shall file a Motion to Approve Trial Loan Modification Agreement;
        ii. Debtor shall lodge with the Court an Order Approving Trial Loan Modification Agreement. The Court shall grant such relief on an *ex parte* basis; and
        iii. Once entered by the Court, Debtor shall serve a copy of the Order on all Required Parties and the Chapter 13 Trustee, and file a certificate of service evidencing these parties were properly served.
    c. The Mediator and all Required Parties shall monitor the trial loan modification and manage the mediation until a final loan modification has been executed or Lender has denied a final loan modification. Access to the MMM Portal shall remain open during the pendency of a trial loan modification.

23. In the event the parties reach a final loan modification agreement:
    a. Within seven (7) days after the parties reach such an agreement the Mediator shall upload to the MMM Portal and file with the Court a Final Report of Mortgage Modification Mediation Program Mediator.
    b. Within fourteen (14) days after the Mediator files the Final Report with the Court:
        i. Debtor shall file a Motion to Approve Final Loan Modification Agreement. If Debtor is represented by an attorney, this Motion may be filed *ex parte* and Debtor shall concurrently lodge with the Court an Order Approving Final Loan Modification Agreement, which the Court shall grant on an *ex parte* basis. If Debtor

is not represented by an attorney, this Motion must be noticed, served, and set for a hearing using a Notice of Hearing on Self-Represented Debtor's Motion to Approve Final Loan Modification Agreement.

    ii. Once an Order Approving Final Loan Modification Agreement is entered by the Court, either *ex parte* or after notice and hearing, Debtor shall serve a copy of the Order on all Required Parties and the Chapter 13 Trustee, and file a certificate of service demonstrating these parties were properly served.

  c. Within twenty-eight (28) days after the final loan modification is approved by the Court, Debtor shall file, serve, and notice for confirmation an Amended Chapter 13 Plan or Modified Chapter 13 Plan providing for conduit loan modification payments pursuant to Section III(A) of the MMM Program Procedures, if the Chapter 13 Plan does not already contain such provisions.

24. If the parties fail to reach an agreement at the conclusion of the MMM conferences:

  a. Within seven (7) days after the conclusion of the MMM conferences the Mediator shall upload to the MMM Portal and file with the Court a Final Report of Mortgage Modification Mediation Program Mediator.

  b. Within twenty-eight (28) days after the Mediator files the Final Report with the Court, Debtor shall file, serve, and notice for confirmation an Amended Chapter 13 Plan or Modified Chapter 13 Plan providing for appropriate treatment of Lender's claim.

25. The automatic stay is modified to the extent necessary to facilitate MMM pursuant to this Order.

26. Any of the deadlines imposed by this Order may be extended by order of the Court or by written agreement of the parties and Mediator.

27. If any parties or their counsel fails to comply timely and in full with the terms of this Order, the Court may impose appropriate sanctions after notice and a hearing.

28. The moving party shall immediately serve a copy of this Order on all parties to the mediation, including the Mediator and the Chapter 13 Trustee, and shall file a Certificate of Service with

the Court evidencing these parties were properly served. Service shall be by regular U.S. Mail, electronic service, or email, if the party's email address is known.

29. If Lender did not provide Debtor with written consent to entry of this Order, Debtor shall:

    a. Serve a copy of the Order on all Required Parties, including the assigned Mediator and the Chapter 13 Trustee; and

    b. File a Certificate of Service with the Court evidencing these parties were properly served with the Order.

30. If a Debtor's Chapter 13 case is dismissed, converted, or otherwise removed from the District of Arizona prior to Debtor's completion of the MMM Program, the MMM proceedings in the case will immediately terminate and the parties will be relieved of the requirements of these procedures.

**<u>SIGNED AND DATED ABOVE</u>**